UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM CRENSHAW,


                              Plaintiff,

                                                          DECISION AND ORDER

                                                          08-CV-6186L

                v.

JAMES HARTMAN, et al.,


                              Defendants.

_____


        Plaintiff, William Crenshaw ("Crenshaw"), appearing *pro se*, commenced this civil rights

action pursuant to 42 U.S.C. § 1983 against several officials of the New York State Department

of Correctional Services ("DOCS").  The incidents raised in the complaint relate to activities

occurring at the Collins Correctional Facility ("Collins") during the summer of 2007.

        This Court conducted an initial review of the complaint as required by 28 U.S.C. §

1915(e) and § 1915A(a).  After review, the Court dismissed three of the named defendants,

Superintendent Robert Kirkpatrick, Captain M. Kearney and Sergeant Scott Andruiz.  The claims

against six other defendants, James Hartman, Dennis Macaione, M. McCall, Patrick Connolly,

Richard Hamilton and Sergeant Brown, were allowed to proceed.  Familiarity with that decision

and order (Dkt. #10) is presumed.

Pursuant to that decision, plaintiff filed an amended complaint, which he later

supplemented. *See* Dkt. #11, #21, #28. The remaining defendants now move, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint on the ground that it

fails to state a claim upon which relief can be granted (Dkt. #22). Plaintiff has filed a response in

opposition to the motion to dismiss (Dkt. #27).[1]

**I. Motions to Dismiss under Rule 12(b)(6)**

Rule 12(b)(6) motions are now analyzed under a slightly different standard than they were

prior to the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Prior to *Twombly*, courts would generally deny a motion to dismiss if there was "any set of facts"

consistent with the allegations of the complaint that would entitle the plaintiff to relief. *See*, *e.g.*,

*Hill v. City of New York*, 45 F.3d 653, 657 (2d Cir. 1995); *Gilmore v. University of Rochester*,

410 F.Supp.2d 127, 131 (W.D.N.Y. 2006).

In *Twombly*, however, the Supreme Court declared that the "any set of facts" standard had

"earned its retirement." 550 U.S. at 563. The Court explained that to defeat a motion to dismiss,

"a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do. Factual allegations must be enough to raise a

right to relief above the speculative level." *Id.* at 555 (citations omitted).

---

[1]In his supplement to the amended complaint, plaintiff named several additional defendants. *See* Dkt. #21, #28. Service of process has not yet been effected on those defendants, none of whom has appeared in this action.

Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570. A "plausible" entitlement to relief exists, then, when the allegations in the complaint move the plaintiff's claims across the line separating the "conclusory" from the "factual," and the "factually neutral" from the "factually suggestive." *Id.* at 557 n. 5.

"[T]his plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 9:07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct.22, 2008) (citing *Jacobs v. Mostow*, 271 Fed.Appx. 85, 87 (2d Cir. 2008), and *Boykin v. KeyCorp*, 521 F.3d 202, 215-16 (2d Cir. 2008)). At the same time, however, the Court is mindful that even after *Twombly*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214. Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)) (additional internal quotation marks omitted).

## II. Discussion

As is often the case with *pro se* filings, plaintiff's amended complaint, which consists of twenty-one paragraphs and eight pages, is not a model of clarity as to the nature of the constitutional violations that plaintiff alleges occurred. A portion of the complaint, especially relating to defendants Macaione and Connolly, concerns plaintiff's removal from his job in the

mess hall at Collins. Plaintiff also claims that a false misbehavior report was filed against him,

and that he was "set up" by other officers who claimed that plaintiff possessed illegal contraband.

There is also a claim that one defendant assaulted and beat plaintiff without just cause.

### A.    Discrimination Claims Against Macaione and Connolly

Plaintiff's discrimination and equal protection claims must be dismissed. Plaintiff asserts

that he was removed from a job that he preferred–mess hall duty–for discriminatory reasons.

Plaintiff was apparently advised that because he had a series of misbehavior reports filed against

him, he would be removed from the mess hall job.

It is well established that inmates have no right, constitutional or otherwise, to any

particular job or assignment within a prison. *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987);

*see*, *e.g.*, *Anderson v. Lapolt*, No. 07-CV-1184, 2009 WL 3232418, at *11 (N.D.N.Y. Oct. 1,

2009). Inmates can be assigned jobs, and removed from them, for virtually any reason, provided

that such decisions are not based on the inmate's race or religion. *Bussey v. Phillips*, 419

F.Supp.2d 569, 589 (S.D.N.Y. 2006).

Here, Crenshaw alleges in conclusory fashion that he was removed from the mess hall on

account of his race. He alleges no facts in support of that assertion, however. For that matter, it

is not entirely apparent from the pleadings what Crenshaw's or defendants' race or ethnic

backgrounds are.[2]

---

[2]Presumably, Crenshaw is black and at least some of the defendants are white; although the complaints filed in this action do not appear themselves to allege the race of the various parties here, plaintiff has attached to the original complaint a copy of a grievance that he filed in
(continued...)

Crenshaw must do more than recite conclusions; he must set forth facts that make his claim at least plausible. Plaintiff has failed to do that, and therefore his claims of discrimination and equal protection against defendants Macaione and Connolly must be dismissed. *See Johnson v. City of New York*, ___ F.Supp.2d ___, 2009 WL 3786594, at *4 (S.D.N.Y. 2009) (dismissing race discrimination claim under 42 U.S.C. § 1981 where plaintiff "plead[ed] no facts giving rise to any inference of racially discriminatory intent," and stating that "[t]he mere fact that plaintiff and defendants are of different races, standing alone, is simply insufficient as a factual pleading to allege racially motivated discrimination") (citing *Yusuf v. Vassar Coll.*, 35 F.3d 709, 714 (2d Cir. 1994)); Tejada v. Mance, No. 07-CV-0830, 2008 WL 4384460, at *6 (N.D.N.Y. Sept. 22, 2008) (dismissing inmate's allegation that defendant threatened to file false misbehavior report against him, since plaintiff "fail[ed] to allege any facts plausibly suggesting that Defendant Souza made that threat because of racial animus").

### B. Retaliation Claims

Crenshaw claims that defendants Macaione and McCall wrote a false misbehavior report against him in July 2007, allegedly in retaliation for a grievance that Crenshaw filed against Macaione. Plaintiff alleges that Macaione wrote the report, but had McCall sign it, to make it appear that McCall had written the report. Dkt. #11 ¶ 2.

---

[2](...continued)
July 2007, in which he stated that Macaione "is a very racist individual against black and Spanish prisoner's [sic] ... ." Dkt. #1 at 24.

The law is clear that "the issuance of false misbehavior reports against an inmate by corrections officers is insufficient on its own to establish a denial of due process." *Sital v. Burgio*, 592 F.Supp.2d 355, 357 (W.D.N.Y. 2009) (internal quotation marks omitted). *See also Moore v. Casselberry*, 584 F.Supp.2d 580, 582 (W.D.N.Y. 2008) ("There is no basis for a constitutional claim alleging the mere filing of a false report").

A prisoner may be able to state a constitutional claim by alleging facts indicating that false charges were brought against him in retaliation for the prisoner's exercise of a constitutionally protected right, such as the filing of grievances. Plaintiff does make such an allegation here.

The Second Circuit has, however, cautioned district courts to approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

In order to state a valid retaliation claim, a plaintiff must allege that his actions were protected by the Constitution, and that such "conduct was a substantial or motivating factor for the adverse actions taken by prison officials." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (citations omitted). Thus, there must be a "causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (citation omitted). "A plaintiff cannot state a retaliation claim in wholly conclusory terms, but rather,

must provide a pleading that is 'supported by specific and detailed factual allegations.'" *Anderson v. Lapolt*, No. 07-CV-1184, 2009 WL 3232418, at *5 (N.D.N.Y. Oct. 1, 2009) (quoting *Friedl v. City of New York*, 210 F.3d 79, 85-86 (2d Cir. 2000)); *see also Sawyer v. Jowers*, No. 2:08-CV-0186, 2008 WL 4791557, at *6 (N.D.Tex. Oct. 31, 2008) ("To state a claim of retaliation, the inmate must allege more than his personal belief that he is the victim of retaliation. Conclusory allegations of retaliation are not sufficient; the plaintiff must [allege facts] from which retaliation may plausibly be inferred").

In the case at bar, it appears from plaintiff's own pleadings that he pleaded guilty to one of the charges set forth in the misbehavior report. In a grievance dated July 23, 2007, Crenshaw that he had pleaded guilty to one of the charges against him, concerning his possession of contraband (a cigarette lighter), for which he was sentenced to ten days' keeplock. Although plaintiff was found not guilty of the other two charges (refusing a direct order and being "out of place," *see* Dkt. #1 at 42), that certainly suggests that there was a valid basis for the issuance of the report, and plaintiff's conclusory assertion that it was retaliatory in nature fails to state a plausible claim. *See White v. Bergenstock*, No. 08-CV-717, 2009 WL 4544390, at *7 (N.D.N.Y. Nov. 25, 2009) (stating that since inmate's conviction on charges in misbehavior report had never been overturned, "there is no sufficient allegation that the misbehavior report was false," and that inmate's claims that correction officer had issued report in retaliation for inmate's grievance were "wholly conclusory with no plausible nexus between the grievance and the misbehavior report"); *Bouknight v. Shaw*, No. 08 Civ. 5187, 2009 WL 969932, at *6 (S.D.N.Y. Apr. 6, 2009) (stating that inmate's conclusory assertion that correction officer "wrote me up for

revenge" was insufficient to state plausible retaliation claim, and that plaintiff had "failed to

allege the requisite causal connection between his filing of a grievance and Officer Rivera's

writing him up for an infraction"); *Cusamano v. Sobek*, 604 F.Supp.2d 416, 477-78 (N.D.N.Y.

2009) (dismissing, *sua sponte*, prisoner's retaliation claim against correction officer stemming

from officer's issuance of misbehavior report against plaintiff, where plaintiff's allegations that

he was convicted of the disciplinary charge, and that the conviction was affirmed on appeal,

"plausibly suggest[ed] that what caused him to receive the referenced misbehavior report was his

own misconduct").

It is difficult to understand precisely the nature of the claim against defendant James

Hartman.  Crenshaw makes bald assertions that Hartman failed to conduct as thorough an

investigation of Crenshaw's grievance against the officers as Crenshaw would have liked, and

that Hartman is therefore somehow guilty of conspiracy and retaliation.

"[T]he law is clear that plaintiff has no constitutional right to have his grievances

processed at all, or if processed, to have the procedure done properly." *Avent v. Doe*, No.

9:05-CV-1311, 2008 WL 877176, at *8 (N.D.N.Y. Mar. 31, 2008).  Even if Hartman's

investigation of Crenshaw's grievances was in some way inadequate or deficient, then, that

would not give rise to a constitutional claim. *See*, *e.g.*, *Green v. Herbert*, ___ F.Supp.2d ___,

2010 WL 27863, at *5 (W.D.N.Y. 2010) (inmate's allegation that officer who was assigned to

investigate his grievance conducted a biased, unfair investigation "fails because an inmate 'has

no constitutional right to have his grievances processed or investigated in any particular

manner'") (quoting *Shell v. Brzezniak*, 365 F.Supp.2d 362, 379 (W.D.N.Y. 2005)); *Swift v.*

*Tweddell*, 582 F.Supp.2d 437, 445-46 (W.D.N.Y. 2008) ("a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim").

Crenshaw also fails to set forth any facts to support the claim that Hartman acted with retaliation or engaged in some type of conspiracy. Absent facts to demonstrate the validity of such a claim, the complaint must be dismissed as to defendant Hartman. *See Malcolm v. Honeoye Falls-Lima Educ. Ass'n*, ___ F.Supp.2d ___, 2010 WL 104685, at *5 (W.D.N.Y. Jan. 11, 2010) ("The Second Circuit has repeatedly emphasized that '[a] complaint containing only conclusory, vague or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss'") (citing *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983)).

To the extent Crenshaw asserts retaliation claims against defendants Connolly, Hamilton and Brown, they also must be dismissed. Plaintiff alleges that Connolly was the Food Administrator who informed Crenshaw of his removal from the mess hall job. His conclusory allegation that Connolly was motivated by retaliation is no more plausible than his allegation of discrimination, which has been addressed above.

Plaintiff alleges that Brown and Hamilton, working in concert, "set him up" to be falsely charged with a weapons violation, by having Hamilton conduct a pat frisk of Crenshaw on August 17, 2007, in which Hamilton falsely claimed to have found a razor hidden underneath plaintiff's clothing. Plaintiff claims that defendants did so in order to retaliate against plaintiff for his prior grievances against Macaione.

As with his other retaliation claims, this claim is unsupported by any facts showing a nexus between these events and any constitutionally protected activity on plaintiff's part. Again, courts must be wary of allowing inmates to claim retaliation every time some action is taken against them, particularly in matters involving institutional security. *Coleman v. Beale*, 636 F.Supp.2d 207, 210 (W.D.N.Y. 2009); *Rodriguez v. Ames*, 224 F.Supp.2d 555, 564 (W.D.N.Y. 2002). Plaintiff's retaliation allegations, on their face, are based on no more than speculation and surmise, and must be dismissed.

### C.      Excessive Force Claim Against Richard Hamilton

Plaintiff alleges that Officer Hamilton, in the course of the pat frisk on August 17, 2007, ordered plaintiff to get down on the floor, and that once plaintiff was lying on the floor, Hamilton began punching and kicking him. I find that these allegations are sufficient, at this pleading stage, to survive a motion to dismiss. *See Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000) ("a prisoner who alleges facts from which it could be inferred that prison officials subjected him to excessive force, and did so maliciously and sadistically, states an Eighth Amendment claim on which he is entitled to present evidence"). Accordingly, I will deny Hamilton's motion to dismiss plaintiff's claim against him under the Eighth Amendment.

### CONCLUSION

The motion to dismiss brought by defendants James Hartman, Dennis Macaione, M. McCall, Patrick Connolly, Richard Hamilton and Sergeant Brown (Dkt. #22) is granted in part

and denied in part. Plaintiff's claims against all six of these defendants, with the exception of his excessive force claim against defendant Hamilton, are dismissed. In all other respects, defendants' motion is denied.

Plaintiff's motions for discovery (Dkt. ##18, 34), which relate to his now-dismissed retaliation claims, his motion for a court-appointed handwriting expert (Dkt. #30), and his motion to compel discovery, which also mostly relates to claims that have now been dismissed, are denied as moot. Plaintiff's motion for an order directing DOCS "to approve correspondence" between plaintiff and another inmate (Dkt. #19) fails to allege facts providing a basis for the relief sought, and is also denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 20, 2010.