UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM CRENSHAW,

                                    Plaintiff,

                                                <u>DECISION AND ORDER</u>

                                                         08-CV-6186L

                     v.

RICHARD HAMILTON,

                                    Defendant.
_____

       Plaintiff William Crenshaw, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, who is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), has alleged that defendant Officer Hamilton used excessive force against him on August 17, 2007, in violation of plaintiff's rights under the Eighth Amendment to the United States Constitution.

       Plaintiff originally filed suit against seventeen defendants, alleging a variety of claims. The claims against all defendants other than Hamilton have been dismissed. Hamilton now moves for summary judgment, dismissing the claim against him. Plaintiff opposes the motion, and has also moved for leave to file an amended complaint.

**DISCUSSION**

       Hamilton contends that the record does not support plaintiff's allegation that Hamilton used force against him in the alleged incident on August 17, 2007. In support of his motion, Hamilton relies on *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005), in which the Court of Appeals

stated that "in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete," the district court may "mak[e] some assessment of the plaintiff's account," and may grant summary judgment for the defendant if the defendant succeeds in "demonstrating that there is no evidence in the record upon which a reasonable factfinder could base a verdict in the plaintiff's favor." *Id.* at 554.

Having reviewed the record, I agree with defendant that this is such a "rare circumstance." Not only does plaintiff rely solely on his own testimony, but that testimony is contradicted by the record.

Plaintiff's initial complaint did not name Hamilton as a defendant, nor did plaintiff's prior administrative complaint allege any use of force by Hamilton. Plaintiff did not allege Hamilton's use of force until months after the incident in question. His initial complaints, both administrative and in this Court, alleged only that Hamilton had "set [him] up with a weapon on 8-17-07." Dkt. #1 at 17. Not until June 2008 did plaintiff allege that Hamilton had punched and kicked him. *See* Dkt. #3 at 2. There is also no evidence that plaintiff sought medical treatment for any alleged injuries in August 2007. *See* Def. Appx. Ex. A (Dkt. #128-2). Defendant Hamilton also flatly denies using any force against plaintiff (other than a simple pat frisk), and there is no evidence to corroborate plaintiff's belated assertion that Hamilton assaulted him.

The Court is well cognizant of the need to avoid weighing the credibility of the parties at the summary judgment stage. *See Jeffreys*, 426 F.3d at 554. But as the Second Circuit has recognized, there will be occasions when the record is so bereft of evidence, apart from the plaintiff's own self-serving and contradictory testimony, that the court has no choice but to make *some* assessment of whether the plaintiff's allegations are credible enough for a jury to find in his favor. *Id.* As stated, I find this to be such a case.

For the reasons stated, I also find plaintiff's allegations to be so inherently unworthy of credence that no reasonable jury could render a verdict in his favor. Accordingly, Hamilton is entitled to summary judgment. *See Caldwell v. Gettmann*, 09-CV-580, 2012 WL 1119869, at *6

(N.D.N.Y. Mar. 2, 2012) (invoking *Jeffreys* exception and granting summary judgment against excessive force claim where video evidence and medical records contradicted plaintiff's account of physical injury), *Report and Recommendation adopted*, 2012 WL 1119771 (N.D.N.Y. Apr. 3, 2012).

In addition, to the extent that the amended complaint can be read to assert a claim that Hamilton falsely accused plaintiff of certain violations, or that he conspired with others to do so, plaintiff's claims are dismissed for the reasons stated in this Court's Decision and Order entered on October 14, 2010 (Dkt. #58).[1]

Plaintiff's motion for leave to amend is denied. Plaintiff apparently seeks to add a fraud claim against Hamilton in connection with the misbehavior report filed by Hamilton. This amendment is not only time-barred, inasmuch as the underlying events occurred nearly seven years ago, *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004), it is meritless. Plaintiff's proposed amendment does not state any constitutional claim, and to the extent that plaintiff seeks to allege a fraud claim under state law, the Court declines to exercise jurisdiction over the claim. *See Lynch v. Suffolk County Police Dep't, Inc.*, 348 Fed.Appx. 672, 676 (2d Cir. 2009) (it would have been abuse of discretion for district court to exercise supplemental jurisdiction over inmate's state law claim for false imprisonment, after having correctly dismissed inmate's § 1983 claims).

---

[1] Although defendant does not move on this ground, I also note that plaintiff does not appear to have exhausted his Eighth Amendment claim against Hamilton, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff has not demonstrated that he administratively grieved an excessive-force claim against Hamilton. Plaintiff did grieve some matters concerning some of the underlying events (mostly relating to claims that have now been dismissed), but the Court has found no evidence in the record that plaintiff ever exhausted any excessive-force claim against Hamilton. Again, Hamilton has not moved on this ground, but he did raise non-exhaustion as an affirmative defense. *See*, Dkt. #61 ¶ 13; *Cf. Hemphill v. New York*, 380 F.3d 680, 688-89 (2d Cir. 2004) (defendant can forfeit affirmative defense of non-exhaustion by failing to raise or preserve it).

**CONCLUSION**

Defendant Richard Hamilton's motion for summary judgment (Dkt. #128) is granted, plaintiff's motion for leave to amend the complaint (Dkt. #131) is denied, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 2, 2014.